UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TROY LEVON FENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-27-FRB |
| | ) |
| UNKNOWN NORTHERN, CASEY | ) |
| GIST/ADAMS and UNKNOWN WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Troy Levon Fenton (registration no. 517163) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $79.92 and an average monthly account balance of $45.51. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.98, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary damages, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Sued in their individual capacities are Unknown Northern (Corrections Officer II), Casey Gist/Adams (Corrections Classification Assistant) and Unknown Williams (Corrections Officer I). Plaintiff asserts that defendants' conduct violated his rights under the First and Fourteenth Amendments.

Plaintiff alleges that defendant Northern limited him to one magazine on an approved list. According to plaintiff, when he complained, defendant Northern wrote "no choice" on his list. Plaintiff alleges that, under defendant Northern's orders, forty-five magazine publications, including two religious magazines, were sent to the property room and denied to him.

Plaintiff states that defendant Gist/Adams denied him funds from his canteen account to purchase *USA Today* and *Prison Legal News*, stating that inmates in administrative segregation could not order from outside vendors. However, plaintiff states, defendant Gist/Adams allowed other inmates to order from outside vendors. Plaintiff further alleges that defendant Gist/Adams intercepted his outgoing mail and removed a *Prison Legal News* renewal form and a check to pay for a subscription.

Plaintiff alleges that defendant Williams allowed him to choose six magazines of the forty-five which were taken from him and told him that the magazines were withheld by mistake. At first, plaintiff refused, but, eventually, he chose six magazines. Defendant Williams confiscated recently received newspapers from his cell and told plaintiff that his "fag," *i. e.*, gay and lesbian, magazines would go into the trash.

**Discussion**

Prisoners retain all First Amendment rights not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804 (1974); *see also Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987) (regulations are "valid if [they are] reasonably related to legitimate penological interests")).

These restrictions on plaintiff's First Amendment rights may be reasonably related to a legitimate penological interest, or they may be based merely on an administrative concern or speculation about a possible security risk. The Court should not unthinkingly adopt such rationales, especially since the facility's officials have every incentive to "err on the side of too little freedom." *Jones v. North Carolina Prisoners' Labor Union, Inc*. 433 U.S. 119, 142, 97 S.Ct. 2532 (1977); *cf. Thornburgh v. Abbott*, 490 U.S. 401, 414, 109 S.Ct. 1874 (1989) (The Supreme Court did not intend *Turner'* s reasonableness analysis to be "toothless.").

Plaintiff's claims against defendants Northern, Gist/Adams and Williams regarding violations of his constitutional rights survive review under § 1915(e)(2)(B) and should not be dismissed as this time. Therefore, the Court will order that these defendants reply to plaintiff's claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that defendants shall respond to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B

Dated this 1st day of March, 2006.

*Frederick R. Buckles*
_____
**UNITED STATES MAGISTRATE JUDGE**