UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TROY LEVON FENTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV27 HEA |
| | ) | |
| UNKNOWN NORTHERN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants Casey Gist-Adams and Alfred Northern's Motion to Dismiss for Failure to State a Claim, [Doc. No. 20]. Plaintiff has responded to the motion, and asks for summary judgment in his favor. For the reasons set forth below, defendants' Motion is granted.

Plaintiff, is an inmate at the Southeast Correctional Center, Charleston, Missouri. Plaintiff filed the instant Section 1983 *pro se* Complaint on February 22 2006. The Complaint alleges that defendants' conduct violated his rights under the First and Fourteenth Amendments. Specifically, plaintiff alleges that defendant Northern limited him to one magazine on an approved list while he was in administrative segregation. He further alleges that Northern ordered that forty- five of his magazines be placed in the property room and that he was denied access to

these magazines. Plaintiff alleges that defendant Gist-Adams denied him funds from his canteen account to purchase USA Today and Prison Legal News. The Complaint alleges that Gist-Adams allowed other inmates to order magazines from outside vendors while these inmates were in administrative segregation. The Complaint also alleges that Gist-Adams intercepted his outgoing mail and removed a Prison Legal News renewal form and a check for the subscription. Defendants move to dismiss plaintiff's Complaint arguing that plaintiff has failed to exhaust administrative remedies. Section 1997e(a) of Title 42, United States Code, requires a prisoner to fully exhaust prison grievance procedures before filing suit. "Section 1997e(a) provides that '[n]o action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.' When multiple prison condition claims have been joined, as in this case, the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims." *Graves v. Norris* 218 F.3d 884, 885 (8th Cir. 2000). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The Eighth Circuit Court of Appeals very recently reaffirmed this

requirement.

> [W]e are persuaded to hold that a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances. *See Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001) (holding that § 1997e(a) requires an inmate to identify in his grievance each individual he intends to sue).
>
> In addition, when an inmate joins multiple prison-condition claims in a single complaint, as in this case, § 1997e(a) requires that the inmate exhaust all available prison grievance remedies as to all of his claims prior to filing suit in federal court. *Graves v. Norris,* 218 F.3d 884, 885 (8th Cir.2000) (per curiam). If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir.2003).

*Abdul-Muhammad v. Kemper*, 2006 WL 1596717, *2 (8th Cir. June 13, 2006).

Exhaustion is an affirmative defense which must be proved by defendants and need not be plead by plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). In the current case, although plaintiff's Complaint states that he has presented the facts which are at issue through the grievance system, defendants have filed the affidavit of Mary Ellyn Nelson, Grievance Officer employed by the State of Missouri to establish otherwise. The affidavit sets forth that Nelson's job duties include maintaining the custody and control of the grievance files as they pertain to the offenders assigned to Southeast Correction Center. Nelson also avers

that she has searched and reviewed the computer records and original complaints from January 2005 to the present (April 18, 2006). This search establishes that plaintiff did not exhaust his administrative remedies as to his allegations that Gist-Adams denied him funds from his account to purchase USA Today and Legal News and that she intercepted his outgoing mail and removed a renewal form and a check for the subscription. The affidavit is silent as to the allegations against defendant Northern.

Plaintiff argues in response that Gist-Adams refused to give him the grievance forms and therefore, this remedy was not "available" to him. As defendants aptly point out, this argument is not supported by the record. Plaintiff has filed a number of grievances while incarcerated at Southeast Correctional Center. This record establishes that the appropriate forms are available to plaintiff when he requests them. Plaintiff's self serving statement does not overcome the record.

Furthermore, plaintiff did not specifically name defendant Northern in his grievances. As such, under *Abdul-Muhammad*, plaintiff has not fully exhausted his administrative remedies.

Because defendants have affirmatively established that plaintiff has not exhausted his administrative remedies with respect to all claims raised herein, the Complaint must be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss for Failure to State a Claim, [Doc. No. 20], granted, and this matter is dismissed without prejudice.

Dated this 12th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE